

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 10 CR 654 |
| ) | |
| ) | Hon. Virginia M. Kendall |
| ANDREW MODJEWSKI, ) | |
| ) | |
| Defendant. ) | |

## PROTECTIVE ORDER

Upon the motion of the Defendant Andrew Modjewski, and pursuant to Fed. R. Crim. P. 16(d), it is hereby Ordered as follows:

1. All of the materials provided by the Defendant in preparation for, or in connection with, the prosecution and sentencing in this case (collectively, "the materials") are subject to this protective order and may be used by the United States Probation, the Probation Officer, the Government and Government counsel (defined as counsel of record in this case) solely in connection with the sentencing of this case, and for no other purpose, and in connection with no other proceeding, without further order of this Court.

2. United States Probation, the Probation Officer, the Government and Government counsel shall not disclose the materials or their contents directly or indirectly to any person or entity other than persons employed to assist in the prosecution, persons who are interviewed as potential witnesses, counsel for potential witnesses, and other persons to whom the Court may authorize disclosure (collectively, "authorized persons"). Potential witnesses and Government counsel may be shown copies of the materials as necessary to prepare the prosecution, but may not retain copies

without prior permission of the Court.

3. United States Probation, the Probation Officer, the Government and Government counsel, and authorized persons shall not copy or reproduce the materials except in order to provide copies of the materials for use in connection with this case by Government and Government counsel, and authorized persons. Such copies and reproductions shall be treated in the same manner as the original materials.

4. United States Probation, the Probation Officer, the Government and Government counsel, and authorized persons shall not disclose any notes or records of any kind that they make in relation to the contents of the materials, other than to authorized persons, and all such notes or records are to be treated in the same manner as the original materials.

5. Before providing materials to an authorized person, United States Probation, the Probation Officer and Government counsel must provide the authorized person with a copy of this Order.

6. Upon conclusion of all stages of this case, all of the materials and all copies made thereof shall be destroyed or returned to the Defense, unless otherwise ordered by the Court. The Court may require a certification as to the disposition of any such materials.

7. To the extent any material is produced by the Defendant to United States Probation, the Probation Officer, the Government and Government counsel by mistake, the Defendant shall have the right to request the return of the material and shall do so in writing. Within five days of the receipt of such a request, Government and Government counsel shall return all such material if in hard copy, and in the case of electronic materials, shall certify in writing that all copies of the specified material have been deleted from any location in which the material was stored.

8. The restrictions set forth in this Order do not apply to documents that are or become part of the public court record, including documents that have been received in evidence at other trials,

nor do the restrictions in this Order limit Government counsel in the use of discovery materials in judicial proceedings in this case absent prior permission from this Court.

9. Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

ENTER:

_____
Hon. Virginia M. Kendall
District Judge
United States District Court
Northern District of Illinois

Date: 6-12-12